IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ROHRBOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUTHER HALL, | ) | No. |
| | ) | |
| and | ) | |
| | ) | |
| ANNA KIMBLE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| JOHN DOE, law enforcement officer whose | ) | |
| identity is unknown to Plaintiff at the time | ) | |
| of filing, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**INTRODUCTORY STATEMENT**

1.      This is a civil action seeking money damages against Luther Hall, Anna Kimble and John Doe, who are police officers of the St. Louis Metropolitan Police Department, for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation with the intent to deny Plaintiff the protection of the Constitution and laws; and for refusing or failing to prevent such deprivations and denials to Plaintiff.  Plaintiff alleges that Defendants Hall, Kimble and John Doe, acting alone and together and in concert unlawfully assaulted, battered, arrested and caused the detention of Plaintiff, and/or each of them failed to prevent the unlawful acts of others, in violation of Plaintiff's constitutional rights, the laws of the United States, and the laws

of the State of Missouri.

## JURISDICTION STATEMENT

2.      This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. Section 1367.

## PARTIES

3.      At all times referred to herein, Plaintiff Kenneth Rohrbough was a citizen and resident of the City of St. Louis, State of Missouri, and the United States of America.

4.      At all times referred to herein, Defendant Luther Hall [hereinafter "Hall"] was a police officer of the St. Louis Metropolitan Police Department, was acting in such capacity as an agent, servant and employee of the St. Louis Metropolitan Police Department, was acting under the direction and control of the City of St. Louis Board of Police Commissioners and Chief of Police, and was acting pursuant to either official policy or the custom and practice of the St. Louis Metropolitan Police Department.

5.      At all times referred to herein, Defendant Anna Kimble [hereinafter "Kimble"] was a police officer of the St. Louis Metropolitan Police Department, was acting in such capacity as an agent, servant and employee of the St. Louis Metropolitan Police Department, was acting under the direction and control of the City of St. Louis Board of Police Commissioners and Chief of Police, and was acting pursuant to either official policy or the custom and practice of the St. Louis Metropolitan Police Department.

6.      At all times referred to herein and on information and belief, Defendant John Doe was a police officer of the St. Louis Metropolitan Police Department, was acting in such capacity as an agent, servant and employee of the St. Louis Metropolitan Police Department, was acting under the direction and control of the City of St. Louis Board of Police Commissioners and Chief of Police, and was acting pursuant to either official policy or the custom and practice of the St. Louis Metropolitan Police Department.

7.      Plaintiff sues Defendants Hall, Kimble and John Doe in both their individual and official capacities.

8.      At all times referred to herein, Defendants Hall, Kimble and John Doe acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Missouri, and the St. Louis Metropolitan Police Department and pursuant to their authority as police officers, respectively.

## FACTS

9.      On September 3, 2002 at approximately 12:20 p.m., Plaintiff Kenneth Rohrbough, being mentally challenged and sometimes unable to express himself so as to be commonly understandable, entered the business establishment known as the Eye Clinic at 2800 14th Street at St. Louis Avenue to get his glasses repaired.

10.     Shortly thereafter, he left the Eye Clinic without the repair due to an inability to make himself understood by the clerk at the Eye Clinic.  He was not bruised at this time.

11.     The clerk called the police after Plaintiff left the Eye Clinic. Upon noticing a patrol car on the other side of the street, the clerk signaled to the car and told the officers therein, Defendant Luther Hall and his colleague Defendant Anna Kimble, that Plaintiff had behaved

poorly.

12. Defendants Hall and Kimble then ran after Plaintiff. When they caught up with him, Plaintiff turned around.

13. Defendant Hall then used force to push Plaintiff to the ground and placed Plaintiff in handcuffs.

14. After Plaintiff was handcuffed, Defendant John Doe, an unidentified white male police officer approached Plaintiff and struck him about the head and face with fists and or a blunt object, believed to be a flash light or police baton. The officers then forcefully applied unnecessary force to Plaintiff's back and side while Plaintiff was on the ground and in hand cuffs.

15. At no time did Plaintiff resist arrest or otherwise disturb the peace.

16. As a result of the beating, Plaintiff suffered lacerations and bruising under his left eye and abrasions and bruising on the right side of his head and to his left knee, as well as sustaining a broken rib. Plaintiff has also experienced severe physical pain and mental suffering as a result of the injuries.

17. Upon medical examination at St. Alexius Hospital immediately following the beating, Plaintiff received treatment for lacerations under the left eye and right side of his head, knee abrasions and a broken rib.

18. Thereafter, Plaintiff was charged with committing the offenses of General Peace Disturbance and Resisting Arrest, in violation of City of St. Louis Ordinances. The Summons were issued and signed by Defendant Hall. The case was not prosecuted.

19. The charges issued against the Plaintiff had no legal or factual merit and were issued for the pretextual reason, among others, that Defendants were desirous of covering and

concealing their misconduct and the misconduct of the others through the issuance of false and fraudulent charges in an attempt to shift the blame for the abuse of the Plaintiff to the Plaintiff and/or to justify the use of force that is revealed by the injuries to the Plaintiff and to thereby cover and conceal the conduct of the Defendants.

20.     At no point in time did the Plaintiff accost, assault, resist or otherwise provoke the beating delivered upon Plaintiff by Defendants Hall, Kimble or John Doe, or any of them.  At no time did the Plaintiff commit any offense, threaten, strike, resist or otherwise provoke the officers to use any level of force against him, much less the excessive, vicious and brutal level of force that was used, as aforedescribed.

21.     All of the aforedescribed conduct occurred in the presence of some or all Defendant police officers who each had the ability to intercede and prevent one or more of the blows from being struck or other abusive conduct but the Defendant officers, and each of them, failed to intercede to prevent the aforedescribed abuse of the Plaintiff.

### CAUSE OF ACTION

### COUNT I

**USE OF EXCESSIVE FORCE IN VIOLATION OF
THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION
BY DEFENDANTS HALL, KIMBLE AND JOHN DOE
COGNIZABLE UNDER 42 U.S.C. §1983**

For his cause of action against Defendants Hall, Kimble and John Doe in Count I, Plaintiff states:

22.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Defendants Hall, Kimble and John Doe, acting alone and or together did assault, batter, beat, kick and otherwise brutalize Plaintiff as afore described, and thereby unreasonably seized Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution, or failed to prevent the acts of others, when they had the opportunity to do so.

24. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff by Defendants Hall, Kimble and John Doe, all committed under color of law and under their authority as City of St. Louis police officers, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from unreasonable seizure of his person and from the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

25. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, Plaintiff suffered severe and permanent injuries and damages including blunt force trauma injuries to his head and face, bruises, contusions, abrasions and lacerations to his head, face and body, a fractured rib, muscular sprain and Plaintiff's body was rendered weak, stiff, sore, and painful.  The brutal assault on Plaintiff at the hands of law enforcement officers caused Plaintiff to be fearful for his life and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

26. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to

an award of punitive damages against the individually named Defendants.

27. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Hall, Kimble and John Doe, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNLAWFUL SEIZURE BY ARREST AND DETENTION BY DEFENDANTS HALL, KIMBLE AND JOHN DOE COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants Hall, Kimble and John Doe in Count II, Plaintiff states:

28. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Immediately after the battery of the Plaintiff at the hands of the Defendants, Defendants, acting alone or together and acting in concert, maliciously, and without reasonable grounds or probable cause therefor, arrested and detained Plaintiff, or failed to prevent the arrest and detention when they had the opportunity to do so.

30. The arrest and detention were and are in violation of the Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

31. As a direct and proximate result of Defendants' arrest and detention of Plaintiff as

aforedescribed, Plaintiff has suffered severe mental anguish.

32. The acts of Defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

33. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Hall, Kimble and John Doe, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS HALL, KIMBLE AND JOHN DOE COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendants Hall, Kimble and John Doe in Count III, Plaintiff states:

34. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Defendants Hall, Kimble and John Doe, acting in their individual capacities and under color of law, conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's civil rights. In furtherance of this conspiracy, Defendants Hall, Kimble and John Doe committed the following overt acts:

   a.  the Defendants beat Plaintiff, and otherwise inflicted punishment upon him as afore described.

  b. the Defendants failed to intercede in the beating and unlawful treatment of Plaintiff as afore described, though they had the opportunity to prevent such actions. Said failure to intercede is tantamount to tacit authorization and approval of the unlawful beatings and excessive use of force.

  c. the Defendants arrested and detained Plaintiff.

  d. the Defendants failed to prevent the arrest and detention of Plaintiff as afore described, though they had the opportunity to prevent such actions. Said failure to prevent is tantamount to tacit authorization and approval of the unlawful arrest and detention.

  e. the Defendants intentionally fabricated and contrived the charges of Resisting Arrest and General Peace Disturbance levied against Plaintiff to justify the otherwise unlawful arrest and heinous treatment of the Plaintiff as afore described, and agreed to support the falsehood with statements and or testimony.

  f. the Defendants intentionally fabricated and contrived the charges of Resisting Arrest and General Peace Disturbance levied against Plaintiff with the expectation and for the purpose that if a conviction would be secured against Plaintiff, the Defendants would be insulated from future civil or criminal liability for their unconstitutional actions as afore described, and agreed to support the falsehood with statements and or testimony.

  g. the Defendants adhered to a code of silence whereby if asked about the incident the Defendants will lie about what occurred. Defendants refused to report the misconduct and unauthorized force used against Plaintiff as afore described to the Internal Affairs Division or to other supervisory or command personnel within the St. Louis Metropolitan Police Department.

36. Defendants Hall, Kimble and John Doe and others shared the general

conspiratorial objective which was to beat and abuse Plaintiff and cause his arrest and detention

9

as aforedescribed.

37. As a direct and proximate result of the conspiracy between Defendants Hall, Kimble and John Doe and others as aforedescribed, Plaintiff was unreasonably seized in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution which are protected by 42 U.S.C. Section 1983.

38. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, Plaintiff suffered severe and permanent injuries and damages including blunt force trauma injuries to his head and face, bruises, contusions, abrasions and lacerations to his head, face and body, a fractured rib, muscular sprain and Plaintiff's body was rendered weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of law enforcement officers caused Plaintiff to be fearful for his life and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, Plaintiff has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

39. The acts of Defendants as afore described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

40. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Hall, Kimble and John Doe, jointly and severally, for compensatory damages in an amount which is fair and reasonable,

and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

**COUNT IV
ASSAULT AND BATTERY
BY DEFENDANTS HALL AND JOHN DOE
COGNIZABLE UNDER STATE LAW**

For his cause of action against Defendants Hall and John Doe in Count IV, Plaintiff states:

41. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. The acts of Defendants Hall and John Doe as afore described were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

43. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as aforedescribed, Plaintiff suffered severe and permanent injuries and damages including blunt force trauma injuries to his head and face, bruises, contusions, abrasions and lacerations to his head, face and body, a fractured rib, muscular sprain and Plaintiff's body was rendered weak, stiff, sore, and painful. The brutal assault on Plaintiff at the hands of law enforcement officers caused Plaintiff to be fearful for his life and the injuries to his body and the great fear for his safety have caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, Plaintiff has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

44. As a direct and proximate cause of the acts of Defendants Hall and John Doe, as afore described, Plaintiff suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

43. The acts of Defendants as afore described were wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Hall and John Doe, jointly and severally, for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT V

### FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANTS HALL, KIMBLE AND JOHN DOE COGNIZABLE UNDER STATE LAW

For his cause of action against Defendants Hall, Kimble and John Doe in Count V, Plaintiff states:

44. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Defendants Hall, Kimble and John Doe, at such times as previously set forth herein, intentionally arrested, detained, and restrained Plaintiff against his will without probable cause that Plaintiff had committed any crime.

46. The conduct of Defendants Hall, Kimble and John Doe in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff against his will.

47. As a direct and proximate result of Defendants Hall, Kimble and John Doe's

arrest and detention of Plaintiff as afore described, Plaintiff suffered damages to his reputation and emotional well-being through the unlawful and malicious arrest and detention of his person by Defendants Hall, Kimble and John Doe.  Plaintiff has also suffered severe mental anguish in connection with the deprivation of his rights.

48.     The conduct of Defendants Hall, Kimble and John Doe as afore described was outrageous because of Defendants Hall, Kimble and John Doe's evil motive and or their reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages against Defendants Hall, Kimble and John Doe.

WHEREFORE, Plaintiff prays for judgment against Defendants Hall, Kimble and John Doe for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

        Respectfully submitted,

        **RYALS & BREED**
        *A Professional Corporation*


By:  */s/ Tyler R. Breed*
     Tyler R. Breed         #117371
     3120 Locust Street
     St. Louis, MO  63103
     (314) 862-6262
     (314) 880-2027  FAX
     E-Mail: breed@rslawstl.com

*Attorney for Plaintiff*