UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENNETH ROHRBOUGH,               )
                                 )
         Plaintiff,              )
                                 )
    vs.                          )          Case No. 4:07CV00996 ERW
                                 )
LUTHER HALL, et al.,             )
                                 )
         Defendants.             )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's in camera review of documents.

Pursuant to the Court's Memorandum and Order dated August 29, 2008, Defendants submitted

to the Court a proposed protective order, the Internal Affairs card files for all officers present at

the scene, and information regarding all citizen complaints and investigations between 9/3/99 and

9/3/02 that related to allegations of the excessive use of force, police brutality, abusive conduct,

assault or battery.

Plaintiff has filed claims against the St. Louis Board of Police Commissioners alleging a

policy or practice of failing to train, instruct, supervise, control and discipline police officers. To

pursue these claims, Plaintiff asked that Defendants disclose certain Internal Affairs documents.

In response, the Government has objected to the disclosure of these documents on the basis of

executive privilege.

This privilege is a governmental privilege and it should only be invoked in extreme

circumstances. *See Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970). The general rule is that

"a plaintiff alleging misconduct by police officers and a municipal policy condoning such alleged

misconduct is entitled to discovery of the internal affairs investigations conducted by the police

department regarding the incident of which he complains and regarding other similar incidents involving the police department or the individual police officers about whom plaintiff complains."

To determine whether documents should be disclosed, the Court engages in a balancing test weighing, "the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." *Hemstreet v. Duncan*, 2007 WL 4287602, at *2 (D. Or. Dec. 4, 2007) ( *quoting Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984)). When the documents sought "are 'both relevant and essential' to the presentation of the case on the merits, 'the need for disclosure outweighs the need for secrecy,' and the privilege is overcome." *Hemstreet*, 2007 WL 4287602, at *2 (*quoting In re Search of Premises Known as 1182 Nassau Averill Park Road*, 203 F.Supp.2d 139, 140 (N.D.N.Y. 2002).

Ten factors are generally relied upon by courts when deciding whether internal affairs documents are protected by this privilege;

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is nonfrivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Hemstreet*, 2007 WL 4287602, at *2 (*citing Frankenhauser v. Rizzo*, 59 FRD 339, 344 (E.D. Pa 1973)). The Court has considered these factors, and finds that disclosure is appropriate. To alleviate the Court's concerns regarding the first and second factors, the Court will order Defendants to redact certain information. Defendants must redact the names and personal contact information of all private citizens in these Internal Affairs documents. Defendants shall not redact

the names of any police officers mentioned in these Internal Affairs documents, but shall redact

any police officer's personal contact information that is contained in these documents. Personal

contact information includes addresses, social security numbers, date of birth, family information

and telephone numbers.

Plaintiff's suit has been brought in good faith and this information is both important and

relevant to Plaintiff's claims. Accordingly, Defendants must disclose the following IAD reports:

| 99/326 | 99/332 | 99/347 | 99/348 | 99/350 | 99/351 | 99/352 | 99/389 | 99/390 | 99/395 | 99/404 | 99/416 | 99/430 |
|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|
| 99/432 | 99/433 | 00/004 | 00/011 | 00/027 | 00/029 | 00/030 | 00/039 | 00/049 | 00/061 | 00/076 | 00/086 | 00/095 |
| 00/097 | 00/102 | 00/108 | 00/111 | 00/133 | 00/134 | 00/135 | 00/147 | 00/165 | 00/168 | 00/169 | 00/170 | 00/178 |
| 00/182 | 00/183 | 00/190 | 00/202 | 00/210 | 00/222 | 00/223 | 00/241 | 00/244 | 00/249 | 00/250 | 00/266 | 00/290 |
| 00/304 | 00/305 | 00/322 | 00/340 | 01/008 | 01/009 | 01/021 | 01/031 | 01/033 | 01/037 | 01/038 | 01/055 | 01/063 |
| 01/065 | 01/067 | 01/079 | 01/080 | 01/083 | 01/089 | 01/091 | 01/129 | 01/132 | 01/151 | 01/155 | 01/158 | 01/159 |
| 01/163 | 01/167 | 01/180 | 01/181 | 01/192 | 01/197 | 01/204 | 01/218 | 01/240 | 01/253 | 01/269 | 01/273 | 01/300 |
| 01/301 | 02/004 | 02/005 | 02/006 | 02/038 | 02/063 | 02/068 | 02/070 | 02/079 | 02/081 | 02/082 | 02/120 | 02/136 |
| 02/101 | 02/118 | 02/120 | 02/137 | 02/139 | 02/140 | 05/231 | | | | | | |

Additionally, Defendants must disclose the following items from the card files of those officers

present at the scene; Ronald Mueller, IAD # 06/067 and Luther Hall, IAD #97/115.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants must disclose the above listed documents

to Plaintiff's counsel on or before **September 23, 2008.** Plaintiff's response to Defendants'

Motion for Summary Judgment must be submitted on or before **September 30, 2008.**

Defendants' Reply must be submitted on or before **October 6, 2008.** Trial remains set on a 3-

week docket beginning **November 3, 2008.** These deadlines may hinder the Court's ability to

rule the pending Motion for Summary Judgment prior to the Parties' deadline to file pretrial

compliance, which is **October 14, 2008.**

**IT IS FURTHER ORDERED** that the following Protective Order shall be imposed on the documents disclosed pursuant to this order:

1.  As used in this order, CONFIDENTIAL MATERIAL shall mean and refer to all Internal Affairs Division records and personnel records produced to Plaintiff's counsel pursuant to this Memorandum and Order.

2.  All CONFIDENTIAL MATERIAL shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Memorandum and Order. Specifically, counsel shall retain all CONFIDENTIAL MATERIAL within the confines of his or her personal offices except as is necessary to conduct the present litigation.

3.  All CONFIDENTIAL MATERIAL and the facts and information in the CONFIDENTIAL MATERIAL shall not be disclosed to any person except as provided below.

4.  All CONFIDENTIAL MATERIAL shall be designated as CONFIDENTIAL MATERIAL by marking the word "CONFIDENTIAL" or some similar phrase on the face of the documents.

5.  Access to CONFIDENTIAL MATERIAL shall be limited to Plaintiff, counsel of record for the respective parties to this action, regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, expert witnesses identified by Plaintiff or Defendant, consulting experts, and appropriate court personnel in the regular course of litigation.

6.  The CONFIDENTIAL MATERIAL may not be disclosed to the Plaintiff and other persons other than counsel of record unless accompanied by a copy of this Protective

Order. Additionally, counsel must inform said person(s) of the terms of this Protective

Order, and said person(s) must agree to be bound by its terms.

7.      If it becomes necessary to submit CONFIDENTIAL MATERIAL to the Court in

connection with any filings or proceedings in this litigation, the party using it shall file such

CONFIDENTIAL MATERIAL under seal.

8.      Nothing in this Memorandum and Order shall be construed to restrict the use or disclosure

of any documents which a party or non-party shall have acquired from independent

sources.

9.      Upon final conclusion of this action, counsel to whom the CONFIDENTIAL MATERIAL

has been disclosed shall return such CONFIDENTIAL MATERIAL (along with all copies

thereof, and all other papers containing such CONFIDENTIAL MATERIAL) to the party

which produced it, or take measures to destroy copies of said CONFIDENTIAL

MATERIAL.

10.     This Protective Order may be modified or amended by agreement of the parties or upon

further Order of the Court.

Dated this 18th Day of September, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE