UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ROHRBOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07CV00996 ERW |
| | ) | |
| LUTHER HALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' TRIAL BRIEF**

Defendant St. Louis City Police Officers Luther Hall and Anna Kimble, and Defendants Mark Smith, Mary Nelson, Susan Rollins, Bartholomew Saracino, and Francis Slay, comprising current or former members of the St. Louis Board of Police Commissioners ("Board"), (collectively "Defendants") hereby file the following Trial Brief in this cause.

**I.  Defendants are entitled to judgment as a matter of law on qualified immunity grounds on plaintiff's claims under 42 U.S.C. § 1983.**

**A.  Excessive Force**

"Government officials performing discretionary tasks are entitled to qualified immunity unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nelson v. Wright*, 162 F.3d 986, 988 (8th Cir. 1998) (deputy sheriff was entitled to qualified immunity against §1983 excessive force claim), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When confronted with a claim of qualified immunity, a court must ask first whether the allegations amount to a constitutional violation, and if so, then, second, whether that constitutional right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272

(2001).

Plaintiff Kenneth Rohrbough's ("Rohrbough") Fourth Amendment excessive force claim is governed by the principles set forth in *Graham v. Connor*, 109 S.Ct. 1865, 1871 (1989), which held that claims of excessive force "should be analyzed under the Fourth Amendment and its 'reasonableness standard'." The Court explained that "reasonableness" should be viewed in the totality of the particular circumstances, such as, the severity of the crime, the threat to the safety of the officer, and the level of resistance of the plaintiff. *Id*. at 1872. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - -in circumstances that are tense, uncertain, and rapidly evolving - -about the amount of force that is necessary in a particular situation." *Id*.

While the right to be free from excessive force is a clearly established right under the Fourth Amendment, *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003), "the right to make an arrest...necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Not every shove and push violates the Fourth Amendment. *Id*. To determine whether an officer's actions were objectively reasonable in light of the circumstances, a court must evaluate the totality of the circumstances. *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). Relevant consideration is given to whether the suspect was resisting arrest. *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990). When a suspect "resists, some use of force by the police is reasonable." *Greiner*, 27 F.3d at 1355.

Defendants anticipate that the evidence will show that Officer Hall's actions in arresting Rohrbough were reasonable under the circumstances and did not constitute excessive force or

battery as a matter of law. Officer Hall was attempting to stop a suspect who Officer Hall was told had just destroyed property. Officer Hall was in police uniform. After instructing Rohrbough to stop, Rohrbough turned toward Officer Hall and took a defensive stance "like he wanted to fight" and put his hands up "like a boxer." As Officer Hall further approached him, Rohrbough "started swinging."

At this point, Officer Hall had the duty to press forward and overcome Rohrbough's resistance so that he could be restrained and arrested. Officer Hall accomplished this by getting hold of one of Rohrbough's arms, putting it behind his back, forcing him to the ground, and placing him in handcuffs. From the time Officer Hall grabbed Rohrbough's arm, the struggle lasted only "a few seconds." After Officer Hall placed Rohrbough in handcuffs he "sat him up and sat him on the curb" and then called for a supervisor and an ambulance.

Officer Hall's conduct in arresting Rohrbough was clearly reasonable under the circumstances. Officer Hall was confronted with a resisting subject who was a threat to his safety. Officer Hall had a duty to overcome this resistance, and he overcame it quickly and with a minimal amount of force. Officer Hall did not take any swings at Rohrbough. Indeed, Rohrbough admits that the "black officer" (*i.e.*, Officer Hall) did not hit him with anything.

Rohrbough simply cannot demonstrate that Officer Hall's use of force was unreasonable. Nor can he show that Officer Hall failed to protect him from an alleged John Doe officer. First, Rohrbough cannot prove that an identifiable officer used excessive force on him. Second, plaintiff cannot show that Officer Hall knew that any officer was using excessive force against Rohrbough. Officer Hall has testified that he did not observe any other police officer touch Rohrbough, much less strike him. Accordingly, Rohrbough cannot state a claim against Officer

Hall for failure to intervene. Therefore, Rohrbough has failed to state valid claims of excessive use of force and battery against Officer Hall, and Officer Hall is entitled to judgment on these claims as a matter of law.

Likewise, Officer Kimble is entitled to judgment as a matter of law on these claims. Defendants believe the evidence will show that no female officer pushed, kicked, hit, or otherwise touched him on the day of his arrest. Indeed, Officer Kimble never approached Rohrbough and stayed in or near the optical store with the store clerk/victim (Clairellen Mazzucka) during Rohrbough's arrest. Thus, Rohrbough cannot establish the elements necessary to recover on a claim of excessive force or failure to intervene to prevent excessive force against Officer Kimble, and Officer Kimble is entitled to judgment on these claims as a matter of law. As such, and as Rohrbough's claim against the members of the St. Louis Board of Police Commissioners is derivative of his § 1983 excessive force and false arrest, the St. Louis Board of Police Commissioners is also entitled to judgment as a matter of law.

### B. False Arrest

A § 1983 unlawful seizure or false arrest claim relies on a substantive Fourth Amendment right to be free from unreasonable searches and seizures. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986) (a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments). To establish a violation of the Fourth Amendment in a § 1983 action, the plaintiff must demonstrate a seizure occurred and the seizure was unreasonable. *See Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999).

However, justification is a complete defense to a cause of action for false arrest. *Edwards v. McNeill*, 894 S.W.2d 678, 683 (Mo.App., W.D. 1995); *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2nd Cir. 2002) ("it [is] equally well established that the existence of probable cause is an absolute defense to a false arrest claim...").

> Probable cause exists if "at the moment the arrest is made...the facts and circumstances within a police officer's knowledge and of which the police had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the person arrested committed the crime with which he was charged.

*Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000). The evidence necessary to support a finding of probable cause is "much less" than that required to prove guilt. *State v. Tackett*, 12 S.W.3d 332, 339 (Mo.App., W.D. 2000).

Defendants believe that the evidence will show that they had ample evidence to give them probable cause to arrest Rohrbough. The female store clerk/victim (Ms. Mazzucka) first pointed out Rohrbough to Officer Hall, and then told Officer Hall that Rohrbough had just destroyed some equipment in her store. The law is well settled that in establishing probable cause, an officer may rely upon information provided by citizen witnesses like Ms. Mazzucka. *Parres v. Director of Revenue*, 75 S.W.3d 311, 314 (Mo.App., E.D. 2002); *Rain v. Director of Revenue*, 46 S.W.3d 584, 588 (Mo.App., E.D. 2001). Moreover, pursuant to § 544.216 RSMo (2005), a law enforcement officer may arrest a person without a warrant when he sees the person violating any state law including a misdemeanor or infraction. Officer Hall personally witnessed such a violation of state law when Rohrbough assaulted him and resisted arrest.

That Rohrbough was charged with peace disturbance rather than a property crime and resisting arrest rather than assault is immaterial because the circumstances clearly provide probable cause for any of these crimes. If the facts and circumstances, objectively considered,

support an arrest for an offense for other than that cited by the officer, the arrest is still valid, even if the offense the officer thought had been committed is not related to the actual offense for which probable cause exists. *Devenpeck v. Alford*, 125 S.Ct. 588 (2004) (arrest for invasion of property valid although facts supported arrest for impersonating an officer; officer's reason for arrest was not conclusive). And the fact that Rohrbough was not prosecuted bears no relevance to the question of probable cause. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000). Accordingly, the officers are entitled to judgment as a matter of law on these claims.

**C. Section 1983 Conspiracy**

Rohrbough "must 'allege with particularity and specifically demonstrate material facts that the defendants reached an agreement'" to withstand summary judgment on his § 1983 conspiracy claim. *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 582 (8th Cir. 2006) (quoting *Marti v. City of Maplewood,* 57 F.3d 680, 685 (8th Cir.1995)). *See also White v. McKinley,* 519 F.3d 806, 814 (8th Cir. 2008)*:*

A plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. *Id.* at 814 (citing *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999)) (internal citation omitted).

Defendants believe that the evidence will not show that defendants formed an agreement to engage in the alleged acts or to otherwise violate plaintiff's constitutional rights. *See, e.g., Snelling v. Westhoff,* 972 F.2d 199, 200 (8th Cir.1992) (citing *Rogers v. Bruntrager,* 841 F.2d

853, 856 (8th Cir.1988) (conspiracy claim requires allegations of specific facts showing "meeting of minds" among alleged conspirators)); *accord Reasonover,* 447 F.3d at 582.  Moreover, and as is set forth above, defendants believe that plaintiff cannot prove he was deprived of a constitutional right.  Accordingly, Officers Hall and Kimble are entitled to judgment as a matter of law on this claim.

In sum, in the circumstances presented to the officers, there is no case law demonstrating a clearly established rule prohibiting them from acting as they did.  There is no clearly established law indicating that police officers who have no personal involvement in the alleged physical abuse of a suspect, violate the suspect's constitutional rights.  Here, none of the defendants use excessive force against Rohrbough, and none of the defendants observed any unlawful use of force.  Officer Hall also had probable cause to arrest Rohrbough.  As a matter of law, then, qualified immunity bars Rohrbough's § 1983 claims.

**II.     This Court should decline to exercise its supplemental jurisdiction over state law claims of false arrest and battery.**

Because the officers are entitled to dismissal of the federal claims, this Court should dismiss plaintiff's state law claims.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  In any event, as is set forth above and more fully in defendants' memorandum in support of their motion for summary judgment [Doc. 40], defendants believe that the evidence will show that they are entitled to judgment as a matter of law on these claims.  Moreover, and as is set forth more fully in defendants' summary judgment memorandum the officers are immune from these claims under the official immunity and public duty doctrines.

### III. Rohrbough cannot maintain a claim against the St. Louis Board of Police Commissioners

While Rohrbough has named Board members as individual defendants in this lawsuit, it is clear from the Amended Complaint that Rohrbough has named the Board members because he seeks to hold the Board liable for the alleged acts of Officers Hall and Kimble and unidentified police officer John Doe under a municipal liability theory. In *Monell*, the Court stated that "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). Rather, municipal liability exists only if a plaintiff can establish that either a municipal *policy* or *custom* is the moving force behind the constitutional violation. *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (citing *Monell*, 436 U.S. at 694) (emphasis added). A plaintiff must then establish that such a municipal custom or policy is implemented to such a degree as to amount to "*deliberate indifference*" of constitutional rights. *Lund v. Hennepin County*, 427 F.3d 1123, 1125 (8th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989)) (emphasis added). However, the Board cannot be held liable under municipal liability theory unless and until an identified municipal employee is found liable on an underlying constitutional claim.

As an initial matter, the Board is not liable for any alleged acts of "John Doe." "In order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Therefore, absent individual liability, "the [municipality] cannot be held liable on either an unconstitutional policy or custom theory or on a failure to train or supervise theory." *Id.* (citing cases).

Defendants are entitled to judgment as a matter of law on Rohrbough's claims against the Board regarding John Doe because plaintiff has not identified said defendant. Accordingly, a finding of individual liability on an underlying substantive claim is not possible. *See e.g.*, *Abed v. Wong*, 2006 WL 1116115 (D. Minn.) at *7 (dismissing claims against county defendant because plaintiff failed to identify any county employee who violated plaintiff's constitutional rights); *Cooper v. City of Chester*, 810 F. Supp. 618, 623 (E.D. Pa. 1992). The inability to identify a particular person who violated plaintiff's rights precludes a finding of liability against the Board. *See Blakley v. Kansas City, MO. School Dist.*, 2005 WL 2475730 (W.D. Mo.) at *5 (citing *McCoy*, 411 F.3d at 922-23). Moreover, even if plaintiff were to now identify "John Doe," any claims against said defendant would be time-barred. *See Barrow v. Wethersfield Police Dept.*, 66 F.3d 466 (2nd Cir. 1995). Therefore, the Board cannot be liable for any alleged acts of Defendant John Doe.

In any event, defendant believe that the evidence will not show any Board "policy" or "custom" of encouraging or tolerating "excessive force" or "unlawful arrest." To the contrary, on the date of the incident in question, the Board had explicit policies governing the use of force. These policies most definitely do not advocate, approve, or even permit so-called "excessive force." Plaintiff thus has not established that the acts of which he complains were part of an official policy of the Board. *Cf. Veneklase v. City of Fargo*, 248 F.3d 738, 748 (8th Cir.) (no evidence existed in record that City followed a custom of having its police officer arrest picketers who were not in violation of the law), *cert denied*, 534 U.S. 815 (2001).

Assuming plaintiff is arguing misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law,"

9

defendants believe that evidence will not show (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Board employees; (2) deliberate indifference to or tacit authorization of such conduct by Board members after notice to them of that misconduct; and (3) that the plaintiff was injured by acts pursuant to the Board's custom. *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (quoting *Monell*, 436 U.S. at 691).

Defendant are also entitled to judgment as a matter of law on plaintiff § 1983 claim against the Board under a failure to supervise or train theory should also be dismissed. To hold the Board liable in its supervisory capacity under § 1983, absent direct participation in the constitutional violation (which has not been alleged), plaintiff must show that the Board's "failure to train or supervise the offending actor caused the deprivation." *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Defendants believe that plaintiff cannot make this showing regarding either failure to supervise or failure to train.

"To show that the Board violated plaintiff's constitutional rights by failing to supervise, it must be shown that the Board: "(1) Received notice of a pattern of unconstitutional acts committed by subordinates; (2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) Failed to take sufficient remedial action; and (4) That such failure proximately caused injury to [plaintiff]." *Otey*, 121 F.3d at 1155.

In this case, the events in question took place in a single day. Plaintiff has not alleged nor is there any evidence that the Board had any notice of the impending constitutional violations before their occurrence. Thus, the Board had no notice of the unconstitutional acts and could not have taken remedial action to prevent plaintiff from suffering injury. Accordingly, plaintiff has not stated a cognizable cause of action for failure to supervise.

To state a claim under a failure to train theory, plaintiff must show that police training procedures "were inadequate and likely to result in violation of constitutional rights," and that the Board was on notice of this inadequacy. *Larkin v. St. Louis Housing Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004); *Thelma D. ex rel. Delores A. v. Board of Educ.*, 934 F.2d 929, 934 (8th Cir. 1991). To establish notice, plaintiff may either: (1) "show that failure to train is so likely to result in a violation of constitutional rights to result in a violation of constitutional rights that the need for training is patently obvious;" or (2) "show that a pattern of misconduct indicates that the [Board's] responses to a regularly occurring situation are insufficient to protect the people's constitutional rights." *Larkin*, 355 F.3d at 1117 (internal quotations omitted). The burden is on the plaintiff to show that inadequate training was the cause of the alleged constitutional violations. *Larkin*, 355 F.3d at 1118.

Here, plaintiff cannot demonstrate how the training program of the Board is inadequate. To the contrary, the Board provides extensive training to its officers. This includes training regarding arrest procedures, including, but, not limited to, use of force techniques. Further, both Officers Hall and Kimble received specific training regarding dealing with mentally challenged individuals. However, even if plaintiff could demonstrate that the Board's training was inadequate, when, as anticipated here, a plaintiff does not set forth any evidence regarding notice of inadequate training, judgment will be upheld even assuming that the training is in fact inadequate. *Thelma D.*, 934 F.2d at 935. In sum, plaintiff's bare assertions of that the Board failed to adequately supervise and train the individually named officers are without any support whatsoever, and, therefore, defendants should be granted judgment as a matter of law on plaintiff's claims against the Board.

**IV.    Rohrbough cannot meet the standard for an award of punitive damages.**

Defendants maintain that Rohrbough is not entitled to any damages, including punitive damages. At a minimum, however, Rohrbough cannot meet the standard for an award of punitive damages. In a §1983 action, punitive damages can only be awarded when "a defendant's conduct is shown to be motivated by evil motive or intent, when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1981). If a state official's conduct is neither egregious nor prompted by evil motive, punitive damages should not be imposed. *Coleman v. Rahija*, 114 F.3d 775, 788 (8th Cir. 1997); *Cornell v. Woods*, 69 F.3d 1383 (8th Cir. 1995). Further, plaintiff is not entitled to punitive damages for his state claims without *clear and convincing proof* that defendant's conduct was outrageous because of defendant's evil motive or reckless indifference to plaintiff's rights. *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104 (Mo. banc. 1996).

**V.    Anticipated legal or procedural issues**

First, there are currently pending summary judgment motions for all defendants other than Defendant "John Doe," who has never been identified by plaintiff nor served. Second, the current defendants who are former members of the St. Louis Board of Police Commissioners will need to be substituted for their current counterparts.

>Respectfully submitted,
>
>JEREMIAH W. (JAY) NIXON
>Attorney General
>
>*/s/Joshua N. Worthington*
>Joshua N. Worthington, #507343
>Assistant Attorney General
>Old Post Office
>P.O. Box 861
>St. Louis, MO 63188
>(314) 340-7861 telephone
>(314) 340-7029 facsimile
>*Attorneys for Defendants Hall, Kimble, Smith, Nelson, Rollins, Saracino, and Slay*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

>Steven J. Gunn
>Tyler R. Breed
>Stephen M. Ryals
>RYALS & BREED, P.C.
>3120 Locust Street
>St. Louis, MO 63103
>*Attorneys for Plaintiff*

>>*/s /Joshua N. Worthington*
>>Assistant Attorney General

13