IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH ROHRBOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-996 ERW |
| ) | |
| LUTHER HALL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE**

Plaintiff has filed a Motion in Limine requesting that the Court exclude defendants from mentioning in voir dire, opening statement, closing argument or from presenting any evidence, or eliciting from any witnesses, any reference or mention of various facts. In support of that Motion, plaintiff states:

<u>Mr. Rohrbough's Alleged Use of Alcohol or Drugs</u>

Plaintiff seeks to exclude any evidence concerning Mr. Rohrbough's alleged use of alcohol, marijuana, or any other drugs. This evidence is irrelevant. Fed. R. Evid. 401. Alternately, even if the evidence has some marginal relevance, the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighs the probative value of the evidence. Fed. R. Evid. 403.

Plaintiff does not have reason to believe defendants will seek to introduce evidence that Mr. Rohrbough used alcohol, marijuana, or any other drugs on September 3, 2002, the date of the incident in question. Plaintiff is not aware of any such evidence. There is no suggestion in the St. Louis Metropolitan Police Department Incident Report that Mr. Rohrbough was intoxicated or otherwise

1

under the influence of marijuana or any other drug at the time of the incident. Further, neither defendant police officer Luther Hall nor defendant police officer Anna Kimble has stated that they believed Mr. Rohrbough to be intoxicated or under the influence of drugs at the time of the incident.

Plaintiff has reason to believe that defendants may seek to introduce evidence that Mr. Rohrbough used alcohol, marijuana, or other drugs on dates other than September 3, 2002. Any such evidence is irrelevant to the claims and issues in this civil rights case and should be excluded on that basis. Fed. R. Evid. 401. In the alternative, even if the Court were to find any such evidence to be relevant, it should nonetheless exclude the evidence since its probative value is substantially outweighed by the danger of prejudice to Mr. Rohrbough.  Fed. R. Evid. 403. *See U.S. v. Harvey*, 845 F.2d 760 (8th Cir. 1988) (danger of unfair prejudice as result of admission of defendant's prior drug dealings outweighed probative value to show motive for defendant's alleged illegal conduct).

<u>Hearsay Statements in the Incident Report</u>

Plaintiff acknowledges that the St. Louis Metropolitan Police Department Incident Report, identified by defendants as Exhibit D-1, may be admitted into evidence as a business record, if properly authenticated pursuant to the hearsay exception set forth in Fed. R. Evid. 902(11). A copy of this exhibit is attached hereto as **Exhibit 1.**

Notwithstanding the above, plaintiff moves to exclude any and all portions of the report that contain inadmissible "double hearsay." First, the report contains statements attributed to the alleged victim. It states on page five (5) of the exhibit:

2

> [V]ictim Massucka ... stated a white male subject entered her business and began asking her questions about glasses. Victim further stated without a warning, the subject became violent and began knocking the display racks off her counters and stomping and kicking the racks as they lay on the floor. Massucka stated the subject turned and walked out of the business, mumbling and cursing.
>
> At this time, the victim pointed to a subject walking east in the 1300 block of St. Louis Ave. and stated, "That's the guy" ...

To the extent defendants seek to admit these statements for the truth of the matters asserted, the statements are inadmissible hearsay not subject to an exception to the hearsay rule. Fed. R. Evid. 802.

Second, the incident report contains a statement apparently attributable to Mr. Rohrbough's sister. The report states on page five (5) of the exhibit:

> While awaiting EMS, Marilyn Rohrbough, the suspect's sister, responded to the scene and advised us that her brother is a Vietnam Vet who occasionally becomes violent when he forgets to take his medicine.

This statement is hearsay, and is not subject to an exception to the hearsay rule. It is unreliable and ought not to be admitted. Fed. R. Evid. 802.

Plaintiff submits that he and defendants ought to be permitted to offer into evidence a redacted version of the incident report that removes the hearsay statements set forth above, provided that the report is properly authenticated under Fed. R. Evid. 902(11).

Statements Concerning Mr. Rohrbough's Alleged Schizoaffective Disorder

Defendants have indicated that they may offer into evidence some or all of the medical records from South Pointe Hospital concerning the treatment Mr. Rohrbough received from South Pointe following the incident on September 3, 2002. Defendants have identified these exhibits as D-12 through D-16.

3

Three of these exhibits – D-13, D-15, and D-16 – contain references to an alleged psychiatric diagnosis of schizoaffective disorder. (These three exhibits are attached hereto collectively as **Exhibit 2**). Plaintiff seeks to exclude any and all portions of these exhibits containing such references on the following grounds:

First, the plaintiff's purported psychiatric diagnosis is not relevant to any of the facts or issues in this case. Mr. Rohrbough's psychiatric diagnosis does not make any fact in issue more or less likely to be true. Fed. R. Evid. 401.

Second, any remote relevance the evidence might have is substantially outweighed by a risk of unfair prejudice to plaintiff. Fed. R. Evid. 403.

Third, the purported diagnosis is an opinion not supported by a proper foundation. There is no evidence in the record about what the diagnosis means. Defendants have not endorsed an expert witness to support the opinion or explain the diagnosis to the jury. There is a substantial risk that the plaintiff will be prejudiced if the records are admitted without expert testimony, for in that instance the jury would be left to its own devices to determine the meaning and significance of the diagnosis. Fed. R. Evid. 403.

Plaintiff submits that defendant's exhibit D-15 ought to be excluded in its entirety. He further submits that he and defendants ought to be permitted to offer into evidence redacted versions of the remaining records removing the offending materials set forth above, provided that the records are properly authenticated under Fed. R. Evid. 902(11).

<u>Mr. Rohrbough's Discovery Strategy</u>

In an abundance of caution, plaintiff seeks this Court's order preventing defendants from making any reference or mention of the discovery strategy of

4

plaintiff and his counsel, including the decision whether or not to submit plaintiff to examining a line-up of photographs of various police officers in responses to plaintiff's requests for production of documents directed to the Board of Police Commissioners.

The litigation tactics and decisions of plaintiff and his counsel are simply not evidence in this case. To allow defendants to comment on those tactics or decisions could invade the attorney-client privilege and elevate counsel's decision-making into evidence. It also has the strong potential to confuse the jury. *See* Fed. R. Evid. 403.

Dated: October 20, 2008

Respectfully submitted,

**RYALS & BREED, P.C.**

 */s/ Steven J. Gunn*
Steven J. Gunn, # 504800
3120 Locust Street
St. Louis, MO  63103
Telephone: (314) 862-6262
Facsimile: (314) 880-2027
Email: sjgunn37@gmail.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Joshua N. Worthington, #507343
Assistant Attorney General
Old Post Office
P.O. Box 861
St. Louis, MO 63188

 /s/ *Steven J. Gunn*
Steven J. Gunn, # 504800