UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH ROHRBOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00996 ERW |
| ) | |
| LUTHER HALL, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' General Motion in Limine [doc. #68], Defendants' Objection and Motion in Limine to Quash any Compelled Testimony of Chief of Police Isom and Current or Former Members of the Board of Police Commissioners [doc. #69] and Plaintiff's Motion in Limine [doc. #70], Defendants' Objections to Plaintiff's List of Exhibits [doc. #64] and Defendants' Objections to Plaintiff's List of Witnesses [doc. #67]. The Court heard arguments from the Parties on these Motions on October 24, 2008.

"The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007).

**I.     DEFENDANTS' GENERAL MOTION IN LIMINE**

Defendants ask that Plaintiff be prohibited from introducing evidence that the criminal charges against Plaintiff were dismissed. Defendants state that this is irrelevant because of the

difference in the standard of proof required for a criminal prosecution, and that this evidence would be more prejudicial than probative. This motion will be sustained.

Defendants assert that Plaintiff should be prohibited from referencing a blue "code of silence," conspiracy, or cover-up. Defendants state that there is no evidence of a conspiracy, and any evidence that speculates the existence of a conspiracy would be irrelevant, and highly prejudicial. The Court will not allow Plaintiff's counsel to mention a code of silence, conspiracy or cover up without first gaining permission of the Court.

Defendants ask that Plaintiff be barred from introducing evidence of incidents involving police officers other than the incident that is the subject of this lawsuit. Specifically, Defendants reference events such as the Rodney King beating and the local towing scandal. Defendants state that any such evidence would not be relevant, more prejudicial than probative, and would confuse the issues. The Court agrees, and this Motion will be sustained.

Defendants ask that the Court exclude evidence of Police Department or Board guidelines or procedures governing use of force. Defendants also ask that Plaintiff be prohibited from introducing evidence of alleged violations of these policies. Defendants state that the violation of these policies is not necessarily a constitutional violation, and that the introduction of this evidence would distract the jury, and result in delay, confusion and undue prejudice. This Motion will be overruled as to the guidelines that were in place regarding the use of force when this incident occurred. The Court will withhold ruling until trial on the admissibility of evidence of alleged violations of these polices that preceded the incident in question.

Defendants request that Plaintiff be barred from referencing other civil rights suits or complaints filed against Officer Hall, Officer Kimble, and the St. Louis Metropolitan Police

Department. Defendants state that this evidence would be irrelevant and inadmissible character evidence under Fed. R. Evid. 404(b). The Court will withhold ruling on this Motion until trial.

Defendants state that Plaintiff should only be allowed to introduce evidence of the reasonable and necessary medical expenses paid, and not the full amount of his medical expenses. This is a correct statement of the law, and this objection will be sustained.

Defendants ask that the Court bar Plaintiff from referencing information in Defendants' personnel files, including information of disciplinary action because this evidence is impermissible character evidence, irrelevant, prejudicial, and would confuse and mislead the jury. This objection is overruled.

Defendants assert that Plaintiff must be prohibited from introducing evidence of the financial disparity of the parties or the source of any award for damages, because this evidence would be irrelevant, unfairly prejudicial, and would mislead and confuse the jury. This objection will be sustained. Additionally, Defendants ask that any reference to these Motions in Limine be excluded, and this request will be sustained.

## II.    DEFENDANTS' MOTION IN LIMINE TO QUASH COMPELLED TESTIMONY

Plaintiff has indicated that he may present the testimony of Chief of Police Daniel Isom. Defendants state that because he is a high-ranking official, he should not have to testify unless the Plaintiff can show why his testimony is specifically needed. Defendants also assert that Plaintiff must show specific need for the testimony of current and former members of the St. Louis Board of Police Commissioners, because they are high-ranking officials. This Motion is sustained as to the current and former members of the St. Louis Board of Police Commissioners, but is overruled as to the testimony of Chief Isom. Prior to being named Chief, he was designated as a Fed. R. Civ. P. 30(b)(6) witness by Defendants. This Motion is overruled as to Chief Isom's status as a

Fed. R. Civ. P. 30(b)(6) witness. The attorneys are encouraged to meet and confer as to specific issues, if any, beyond the scope of Chief Isom's 30(b)(6) designation on which Plaintiff wishes to question Chief Isom. If there are other issues beyond the 30(b)(6) designation, Plaintiff's counsel must inform Defendants' counsel of those issues and must be available if Defendants want to have Chief Isom deposed on those issues.

### III. PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff asks that Defendants be barred from mentioning any alleged use of alcohol, marijuana or other drugs by Plaintiff. While Plaintiff is not aware of any such evidence, Plaintiff states that this evidence would be irrelevant, mislead the jury, and is more prejudicial than probative. The Court agrees. Defendants shall not be permitted to use or inject into the case, in their case in chief or in direct examination, Plaintiff's use of alcohol or unlawful drugs without first gaining permission of the Court off the record.

Plaintiff also asserts that hearsay statements contained in the incident report should be redacted. The Court agrees, and this Motion will be sustained. The statements in the report that were made by Clairellen Mazzucka and Plaintiff's sister shall be redacted as they constitute inadmissible hearsay.

Plaintiff also asks that statements in the SouthPointe Hospital medical records that Plaintiff has allegedly been diagnosed with schizoaffective disorder should be redacted. The Court agrees that there is no showing that a proper diagnosis has been made and no evidence has been introduced that any expenses incurred were for the treatment of this disorder. Additionally, the Court finds that this evidence would be highly prejudicial. As a result, these statements shall be redacted, and this Motion is sustained.

Finally, Plaintiff asks that Defendants be prohibited from introducing evidence of the discovery tactics and decisions of Plaintiff and his counsel. This Motion is also sustained.

## IV. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S LIST OF EXHIBITS

Defendants have also filed objections to many of Plaintiff's exhibits. As the Court noted at the hearing, no exhibits may be presented to the jury until they have been received into evidence or there is an agreement of the parties. Otherwise, the Court overrules Defendant's objections to Plaintiff's Exhibits 1, 2, 3, 4, 8, 15, 16, 17 and 18. Additionally, Defendants' objections to Plaintiff's Exhibit 22 are overruled, so long as this document complies with the requirements the Court enumerated in response to Defendants' Motion in Limine. The Court sustains Defendant's objections to Plaintiff's Exhibits 7, 9, 10, 11, 12, 13 and 14.

## V. DEFENDANTS OBJECTIONS TO PLAINTIFF'S LIST OF WITNESSES

Defendants object to several of the individuals included Plaintiff's list of witnesses. The Court discussed Chief Isom and the current and former members of the St. Louis Board of Police Commissioners above. Besides these individuals, Defendants also object to witnesses 22-26: Diane Roche, Deborah White, Shawn Baker, Patty Allen and David Rutherford. These individuals have been described as scene witnesses, and Defendants objections are overruled. Additionally, Defendants object to witnesses 27-31 and 40-42: Bertha Kinder, Donna Mertens, Patricia Walton, Edith Franks, Lisa Chandler, Dr. L. James Willmore, M.D., Dr. Jennifer Shashek, M.D., and Dr. Scott Kirkley, M.D. These individuals have all served as physicians, social workers, or care givers to Plaintiff. In response to this Motion, Plaintiff states that he only anticipates calling Bertha Kinder and Donna Mertens, who were both deposed in this action, and one of the physicians to explain Plaintiff's aphasia and brain damage. As a result of this self-imposed limitation, Defendants' objection will be overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' General Motion in Limine [doc. #68] is **OVERRULED, in part,** and **SUSTAINED, in part.**

**IT IS FURTHER ORDERED** that Defendants' Objection and Motion in Limine to Quash any Compelled Testimony of Chief of Police Isom and Current or Former Members of the Board of Police Commissioners [doc. #69] is **OVERRULED, in part,** and **SUSTAINED, in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [doc. #70] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's List of Exhibits [ doc. #64] is **OVERRULED, in part,** and **SUSTAINED, in part.**

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's List of Witnesses [doc. #67] is **OVERRULED.**

Dated this 24th Day of October, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE