IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ROHRBOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-996 ERW |
| | ) | |
| LUTHER HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION (AMENDED, DOC 121) OF THE ST. LOUIS POST-DISPATCH AND REPORTER ROBERT PATRICK SEEKING LEAVE TO INTERVENE TO PRESERVE COURT CUSTODY OVER AND TO OBTAIN ACCESS TO EXHIBITS OFFERED AT TRIAL**

Comes now Stephen M. Ryals, attorney for Plaintiff, to support the Motion of the Post-Dispatch and reporter Robert Patrick seeking access to Plaintiff's Trial Exhibit 18. Counsel submits this Memorandum as *amicus curiae*. The grant of the Intervenors' motion will not prejudice Plaintiff.

Section 1983 litigation occupies a unique and exalted place in American jurisprudence. It is a tool to enforce the Fourteenth Amendment.

> But it is the manner of enforcement which gives §1983 its unique importance, for enforcement is placed in the hands of the people. Each citizen acts as a private attorney general who takes on the mantle of the sovereign, guarding for all of us the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under the statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.

*Wood v. Breier*, 54 F.R.D. 7, 10-11 (E.D. Wisc. 1972) (internal quotation marks and citations omitted.)  <u>Accord</u>, *Doe v. Hudgins*, 175 F.R.D. 511 (N.D. Ill. 1997); *National Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88 (S.D.N.Y. 2000).

The issue before the Court is not novel.  Case law addressing the factors for and against disclosure of police records abounds, albeit arising mostly in the context of discovery disputes.  <u>See</u>, e.g.,  *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988); *Mercy v. County of Suffolk*, 93 F.R.D. 520 (E.D. N.Y. 1982).  Closer akin to the exact issue presented by Intervenors' motion was that decided by the Northern District of Illinois in *Wiggins v. Burge*, 173 F.R.D. 226 (N.D. Ill. 1997).  *Wiggins* involved an effort by parties and intervenors to remove the "confidential" designation from certain documents produced in discovery, in a case that was ultimately settled prior to the start of trial.  Among the subject documents were "Office of Professional Standards (OPS) investigative files and administrative reviews, recommendations and findings." *Id.* at 227.  Although the documents were produced under an agreement by the parties to hold them confidential and to seek the entry of a protective order, the Court did not enter the requested order.

As the *Wiggins* court noted, a protective order should issue only upon a showing of good cause after the court balances the harm to the party seeking the order and the importance of disclosure to the public. *Id*. at 228-29.  "Some factors to consider in making this determination are privacy interests, whether the information is important to public health and safety, and whether the party benefitting from the confidentiality of the protective order is a public official.*" Id.* at 229 (citation omitted).  "Police officers are public servants sworn to

2

serve and protect the general public. The general public's health and safety are at issue whenever there are serious allegations of police torture. The manner in which such allegations are investigated is a matter of significant public interest. The real issue for the Court to decide is whether the specific harm to the defendants outweighs the significant public interest in the disclosure of the disputed files." *Id.* In the instant case the harm, if any, would appear to be to the privacy interests of the officers identified in Exhibit 18. But those privacy interests are less compelling for a public person who is "subject to legitimate public scrutiny." *Wiggins*, 173 F.R.D. at 229. They do not outweigh the significant public interest that would be served by the disclosure of the exhibit.

Another frequently asserted basis for protecting internal affairs matters is that disclosing them will have a "chilling effect" on the ability of law enforcement officers to police themselves. This argument is just as frequently rejected for, among other reasons, the lack of any evidence that publicly airing the substance of police internal investigations results in any such "chill." See *King v. Conde* at 192-93; *Kelly v. San Jose* at 664-65; *Wiggins v. Burge* at 229-30; *Wood v. Breier* at 13. On the contrary, as Judge Pratt noted in *Mercy v. County of Suffolk*:

> [L]imited disclosure can only further this policy [of self-evaluation and remedial action]. These investigations are conducted, at taxpayer expense . . . [n]o legitimate purpose is served by conducting the [internal] investigations under a veil of near-total secrecy. Rather, knowledge that a limited number of persons, as well as a state or federal court, may examine the file in the event of civil litigation may serve to ensure that these investigation are carried out in an even-handed fashion, that the statements are carefully and accurately taken, and that the true facts come to light, whether they reflect favorably or unfavorably on the individual officers involved or on the department as a whole.

*Mercy v. County of Suffolk,* 93 F.R.D. 520, 522 (E.D.N.Y. 1982). Accord, *King v. Conde, supra* at 193

Another tempting argument for secrecy is that the allegations were not sustained and therefore have no value to the public. That argument might have at least some weight in this matter were it not for the fact that the Board of Police Commissioners never reviews complaints that are not sustained. The secrecy that the Board wants to perpetuate would prevent any public or citizen review of the subject files, because the Board does not even pretend to fill the role of public oversight that is the Board's charge where not-sustained complaints are concerned.[1] "While it is true that the requested information concerns the internal investigative processes of the police department, there is an important public interest at stake -- the health and welfare of the general public and the integrity of the police department. The public has a right to know how matters concerning their daily protection are being investigated and handled. . . In essence, this Court concludes that the allegations of police misconduct in the disputed documents before the Court must receive public exposure in order to insure that the significant public interest is served." *Wiggins* at 230.

The resistence of the Board is troubling -- even more so in light of the testimony of Captain Hayden, the spokesman for the Board in this litigation, that he would not give any of the not-sustained files to the Board or any individual Board member without first consulting

---

[1] It will be left for another day whether the Board should be required to surrender more than the summary information in the card files of Exhibit 18. Counsel has, in another case, been granted access to and has examined each of the complete files for a given period of time. While it is possible to draw meaningful conclusions from the card file information, a full examination of the internal affairs function in the St. Louis Metropolitan Police Department is best accomplished by reviewing all of the data underlying each investigation. Importantly, the Board has apparently never endeavored to conduct such an examination.

a lawyer.  It is simply astounding that an employee of the Board would feel it necessary to consult with another employee of the Board to determine whether the members of the Board could examine the records.  While Captain Hayden's testimony is disturbing on many levels, it is most disquieting for what it reveals about the culture of the St. Louis Metropolitan Police Department.  In the realm of internal affairs investigations, at least, Captain Hayden's testimony reflects an apparent feeling of immunity from the power of the Board and therefore, immunity from review by *anyone* outside of the sworn police officer community.

Considering the evidence that has been revealed in this case -- of the outrageously low sustained rate for physical abuse complaints, of one case that went to verdict against the officer following a not-sustained finding, of some commonality of types of complaints and the frequency of officers receiving more than one complaint, of inconsistency or outright errors in how complaints are categorized, and of the complete lack of Board oversight -- the motion to unseal Exhibit 18 should be granted. One wonders why the police are so resistant.  If the process had any integrity at all, wouldn't the Board proudly reveal how effective it is?  If indeed sustaining one of 322 citizen complaints of physical abuse reflects excellence in the performance of its oversight duties, wouldn't the Board be prepared to proffer evidence supporting that conclusion? Because the Board has neither revealed its effectiveness nor offered any support for the conclusion that there is integrity in the administration of citizen complaints, it is now time for the veil of secrecy to be lifted.  The *Wiggins* court remembered the words of Dr. King:

> Like a boil that can never be cured as long as it is covered up but must be opened with
> all its pus-flowing ugliness to the natural medicines of air and light, injustice must

likewise be exposed, with all of the tension its exposing creates, to the light of human conscience and the air of national opinion before it can be cured.

*Wiggins* at 230.

>Respectfully submitted
>April 23, 2010
>
>***RYALS & BREED, P.C.***
>
>By: /s/ *Stephen M. Ryals*
>Stephen M. Ryals 10602/MBE# 34149
>3120 Locust Street
>St. Louis, MO 63103
>Tel.: (314) 862-6262 (Telephone)
>Fax: (314) 880-2027 (Facsimile)
>ryals@rblawstl.net (Email)

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on all parties of record via the Court's electronic filing system.

>/s/ *Stephen M. Ryals*