**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH ROHRBOUGH, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV00996 ERW |
| | ) | |
| LUTHER HALL, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Bill of Costs [doc. #150], Plaintiff's Motion for Attorney Fees and Expenses [doc. #152] and Defendant Luther Hall's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial [doc. #155].

**I.     Plaintiff's Motion for Bill of Costs**

Plaintiff seeks costs in the amount of $6,480.81. Defendant Hall opposes Plaintiff's Motion. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

On June 10, 2010, a jury returned Verdict A in favor of Plaintiff and against Defendant Hall for damages in the amount of $165,000.00 and on Verdict B for punitive damages in the amount of $500,000.00. Thus, Plaintiff is the prevailing party in this case, and may be reimbursed for certain costs. Because Defendant opposes Plaintiff's request for costs, the Court will examine each of the requested amounts to determine if the cost should be granted or denied.

### A. Cost of Court Reporter Fees and Transcripts

The largest single claim for costs is for court reporter fees for transcripts, so the Court will examine whether each of the requested fees is associated with a transcript that was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (noting that the Eighth Circuit "has held that even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative" (internal alterations and quotations omitted)).

The Court finds that all depositions and associated transcripts for which Plaintiff claims an award of costs were necessary for the preparation of Plaintiff's case or for trial of the case. "'[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded

for further use.'" *Zotos*, 121 F.3d at 363 (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (alteration in original)).

Defendant objects to Plaintiff's request for the cost of the transcript of the deposition of John Hayden and Daniel Isom ($810.35), because they were for claims for which Plaintiff did not prevail, and for deposition transcript fees for Hall, Kimble and Plaintiff ($875.45) from the earlier action. As stated above, "'[t]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" *Zotos*, 121 F.3d at 363 (quoting *Manildra Milling Corp.*, 76 F.3d at 1184). The same analysis applies to Defendant's objections for deposition transcript fees for witness fees of $623.10 for witnesses Tucker, Albers, Mueller, Vise, Kimble, Mullen and Hall. When those transcripts were prepared, the determination must be made in light of facts known at the time. Thus, the Court will award Plaintiff requested costs of $810.35, $875.45 and $623.10.

Defendant objects to Plaintiff's request for the costs associated with videotaping of a deposition paid to Catlett Reporting in the amount of $281.00, arguing that the deposition was transcribed by a stenographer. The Court disagrees. It is irrelevant that the videotape was not actually used, because at the time of the deposition, it was reasonable to believe that videotape would be necessary at trial if any of the witnesses were unable to testify. Additionally, it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication. Moreover, the Eighth Circuit has specifically found that "the costs of video depositions are included under § 1920." *Craftsmen Limousine, Inc. v. Ford*

*Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). Thus, the Court will award Plaintiff $281.00 for the video deposition charge of Catlett Reporting. Total court reporter fees and transcripts shall be awarded in the amount of $4,703.75.

### B. Private Process Servers

Defendant objects to Plaintiff's "other costs" in the amount of $528.26. There is an itemization on an attachment. All three categories are for Private Investigations for service of witness subpoenas; $77.60, $223.44 and $227.22. This objection is sustained. The excellent analysis in *Antolik v. Saks Incorporated,* 407 F.Supp.2d 1064, 1080 (S.D. Iowa 2006)(reversed on other grounds) resolves the issue here. Many other circuits permit fees for private process servers; the Eighth Circuit does not.

### C. Clerk of Court Fees and Fees For Witnesses

28 U.S.C. § 1920 provides for fees paid to the Clerk of Court. $350.00 paid to the Clerk are allowed. Likewise, 28 U.S.C. § 1920(3) specifically allows fees for witnesses. $898.80 claimed for witness fees is allowed.

## II. Plaintiff's Claim For Attorney Fees

Plaintiff brought his constitutional claims under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b) provides that in proceedings brought under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." The Supreme Court has explained that a civil rights plaintiff does not need to obtain money relief in order to recover attorneys' fees under § 1988:

> Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief. Rather,

> Congress made clear that it intended that the amount of fees awarded under [§1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature. Counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter.

*City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (internal quotations and citations omitted) (alteration in original).

Under the "American Rule," parties are ordinarily required to bear their own attorneys' fees, and courts follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Under 42 U.S.C. § 1988, a court may award attorneys' fees in its discretion. *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992). A prevailing plaintiff in a 42 U.S.C. § 1983 action should ordinarily recover attorneys' fees under 42 U.S.C. § 1988, unless special circumstances would make such an award unjust. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, p. 4 (1976) (quoting *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968))); *Wray v. Clarke*, 151 F.3d 807, 809 (8th Cir. 1998). The basic method for computing attorneys' fees under 42 U.S.C. § 1988 is the lodestar approach, whereby hours of service are multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. In addition, courts consider the following twelve factors when determining whether to adjust the lodestar upward or downward:

> 1) the time and labor required; 2) the novelty and difficulty of questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*See Blanchard v. Berger* on, 489 U.S. 87, 92 n. 5 (1989) (citing and overruling on other grounds *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 17-19 (5th Cir. 1974)).

The hourly rates claimed by respective counsel for Plaintiff are as follows:

| Name of attorney | Hourly Rate |
| --- | --- |
| 1. Stephen M. Ryals | $400.00 |
| 2. Tyler R. Breed | $250.00 |
| 3. Kathryn E. Denner, of counsel | $250.00 |
| 4. Steven J. Gunn, of counsel | $250.00 |
| 5. John W. Bruzek, of counsel | $150.00 |

The Court will decide if the hourly rates charged are in line with prevailing community market rate for similar services. See *Blum v. Stenson,* 465 U.S. 886, 895-896 (1984). The Court has considered the supplied affidavits and relied on experience in other cases. While a belief is harbored that current rates of counsel fees are forcing litigants to pursue other dispute resolution options than traditional litigation, the Court is constrained to conclude that the assigned rates are reasonable. Likewise, the Court concludes that the number of hours claimed, based on the Court's observations of the nature of this case and how it was tried, and based on experience in similar litigation, were reasonably incurred. Fees requested for non-attorney law clerk and legal secretary are disallowed. Having examined the twelve factors above listed and all observations and submitted material, in support of and in opposition to attorney fees, the sum of $157,205.00 will be awarded for attorney fees to Plaintiff.

**III.   Motion For Judgment Notwithstanding The Verdict Or, In The Alternative, For A New Trial**

The Court has considered independently each point of Defendant Hall's motion and collectively all of the points raised and will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Bill of Costs [doc. #150] is **GRANTED,** in part and **DENIED,** in part.  Plaintiff's Motion for Attorney Fees and Expenses [doc. #152] is **GRANTED**, in part and **DENIED**, in part.  Plaintiff is awarded costs and fees against Defendant Hall in the amount of $163,157.55, consisting of $5,952.55 in costs and expenses and $157,205.00 in attorneys' fees.

**IT IS FURTHER ORDERED** that Defendant Hall's Motion for New Trial [doc. #155] is **DENIED**.

So Ordered this 30th Day of November, 2010.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE